|  |  |
|---|---|
|  | O |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| GILBERT DIAZ, | ) Case No. ED CV 16-01591-DFM |
|---|---|
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND<br>) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

Gilbert Diaz ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed, and this matter is dismissed with prejudice.

///

///

///

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2013, Plaintiff filed applications for DIB and SSI alleging disability beginning on December 1, 2012. Administrative Record ("AR") 141-53. After his applications and subsequent request for reconsideration were denied, see AR 88-92, 96-101, Plaintiff requested a hearing before an administrative law judge ("ALJ"). See AR 102-03. At his November 20, 2013, hearing, the ALJ heard testimony from a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 21-47.

On December 18, 2014, the ALJ issued a written decision denying Plaintiff's claims for benefits. See AR 7-20. Despite finding that Plaintiff had the severe impairments of mild degenerative disc diseases of the lumbar spine and diverticulosis, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to engage in the full range of medium work. See AR 12-13. In reaching this conclusion, the ALJ determined that Plaintiff's testimony and other statements about the extent of his limitations were "less than fully credible." AR 16. Because Plaintiff's RFC allowed a full range of medium work, the ALJ considered Plaintiff's age, education, and work experience under the Medical-Vocational Guidelines and concluded that a finding of "not disabled" was warranted. See AR 16-17.

On May 23, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4; see also 20 C.F.R. §§ 404.981, 416.1481. Plaintiff sought judicial review in this Court. See Dkt. 1.

# II.

# ISSUES PRESENTED

The parties dispute whether: (1) the ALJ properly considered Plaintiff's subjective complaints and testimony and properly assessed Plaintiff's

credibility regarding the same; and (2) the ALJ erred in determining Plaintiff's RFC. See Dkt. 27, Joint Submission ("JS") at 3, 5.

## III.

## DISCUSSION

### A. Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by making an adverse credibility determination not supported by substantial evidence and, thus, erroneously failed to consider Plaintiff's subjective statements and testimony regarding his impairments, symptoms, and resulting limitations. See JS at 3-4.

#### 1. Applicable Law

The court engages in a two-step analysis to review the ALJ's evaluation of Plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. Id. If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so. Id.

#### 2. Analysis

The ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they were inconsistent with an ability to perform the full range of medium work, which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c); see also AR 13-14. As discussed below, the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility.

First, the ALJ discounted Plaintiff's credibility upon consideration of his

3

activities of daily living ("ADLs"). See Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (holding that a plaintiff's credibility may be discredited by plaintiff's activities of daily living if (1) the activity met the threshold for transferable work skills or (2) the activities contradicted her testimony); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (holding that ALJ was permitted to consider daily living activities in his credibility analysis); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . the claimant's daily activities."). Here, the ALJ noted that Plaintiff's ADLs included "taking hot showers, stretching, watering the yard, shopping, watching television, and taking out the trash." AR 14; see also AR 33-36, 174-76, 185-87. The ALJ further noted that notwithstanding Plaintiff's subjective symptom testimony that he was "unable to do repetitive motion or lifting" and could only "stand for 15 minutes," Plaintiff admitted in his written responses to two exertion questionnaires that he could "walk one eighth of a mile, or about 20 minutes," "lift and carry a 50-foot garden hose, about 50-100 feet," twice a day, "do some yard work," "go grocery shopping," and "drive a manual transmission car for up to an hour" at a time. AR 14; see also AR 174-76, 185-87. The ALJ further noted that Plaintiff could do things with friends, such as barbequing. See AR 14. Notably, these admissions by Plaintiff appear to contradict the subjective functional limitations Plaintiff noted to his own physical therapist. See AR 221-22 (noting a sitting tolerance of "15-20" minutes, a standing tolerance of "15-20" minutes with a cane, and a walking tolerance of "15-20" minutes with a cane); see also JS at 8. Considering Plaintiff's subjective symptom testimony together with his questionnaire responses and his ADLs, the ALJ concluded that Plaintiff's "ability to participate in such activities undermined the credibility of [his] allegation of disabling functional limitations." AR 14.

Second, the ALJ relied on his own observations of Plaintiff in assessing his credibility. Although the ALJ may not "rely on his own observations of [Plaintiff] at the hearing as the sole reason for rejecting the [plaintiff's] complaints," the ALJ may use "ordinary techniques of credibility evaluation," including the ALJ's observations of Plaintiff's demeanor and conduct during the hearing, when assessing his credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 602, 604 n.5 (9th Cir. 1989)); see also Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("The inclusion of the ALJ's personal observations does not render the decision improper."). The ALJ noted in his decision how Plaintiff "did not put weight on the cane," "exhibited no evidence of pain or discomfort while testifying," and "was able to sit for the duration of the hearing." AR 14. The ALJ explicitly noted that his observations were "not the sole basis for discounting [Plaintiff's] subjective testimony" and were only given "slight weight" in concluding Plaintiff's subjective symptom testimony was not credible. Id. (emphasis removed).

Last, the ALJ considered the objective medical evidence in assessing Plaintiff's credibility. Plaintiff sets forth a laundry list of symptoms and diagnoses from visits to his doctors and physical therapists in 2013 and 2014 that allegedly support his subjective symptom testimony. See JS at 8. But the record shows the ALJ considered the objective medical records from each of these visits in concluding that Plaintiff's subjective symptom testimony was not credible. See AR 15-16. Specifically, the ALJ noted that, per his medical records, Plaintiff had "improved" walking, an "increased trunk range of motion," "significant improvement with medication," and "was able to carry out all activities of daily living." AR 15. In addition to considering the aforementioned records, the ALJ also considered the objective findings of consultative examiner Dr. Sandra Eriks and the medical consultants who

5

reviewed Plaintiff's medical records to conclude that he could perform medium level work. See id. In consideration of the totality of the objective record, the ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible. See Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (holding that the ALJ permissibly discredited the claimant's subjective complaints where the objective evidence did not corroborate the severity of the alleged symptoms).

On appellate review, the Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility, which the ALJ did in this case. See Smolen, 80 F.3d at 1284. It is the ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Fair, 885 F.2d at 604. It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is supported by substantial evidence, in rejecting Plaintiff's subjective complaints. Reversal is therefore not warranted on this basis.

**B.     Plaintiff's RFC Assessment**

Plaintiff contends that the ALJ erred in finding that Plaintiff could perform the full range of medium work. See JS at 5 (referencing AR 13-16).

**1.     Applicable Law**

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all of the medical evidence in the record and "explain in [his or her] decision the weight given to . . . [the]

opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii);[2] see also 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. See Bayliss, 427 F.3d at 1217 (upholding ALJ's RFC determination because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints"). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); Spencer v. Colvin, No. 15-05925, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking."); cf. Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) ("With respect to claims in which we have made a final decision, and that are pending judicial review in Federal court, we expect that the court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the final decision."). Accordingly, citations to 20 C.F.R. §§ 404.1527 and 416.927 are to the version in effect from August 24, 2012, to March 26, 2017.

## 2. Analysis

Plaintiff contends that "no reasonable person could conclude" that he retained the ability to perform medium level activities, which involve "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." See JS at 5; 20 C.F.R. §§ 404.1567(c), 416.967(c). Specifically, he argues that "[n]ot a single one of [his] activities of daily living are performed at the medium exertional level" and that the ALJ never "suggested that any of the activities of daily living are performed at the medium exertional level." JS at 5. Plaintiff further contends that "while he is capable of doing certain sedentary and/or light activities of daily living, he is not capable of performing any medium exertional activities of daily living and certainly he is not capable of sustaining this type of work related activity as would be required by any full time occupation." Id. at 10.

Nothing in the ALJ's decision suggests that the ALJ made its RFC determination based solely on Plaintiff's ability to perform his ADLs. On the contrary, the ALJ noted that he "g[ave] great weight to the State agency medical consultant[s']" determination that Plaintiff "was able to perform medium work" and "g[ave] some weight to the consultative examiner . . . who opined [Plaintiff] was capable of heavy work." AR 15-16. Notably, the ALJ adopted greater limitations than those found by the consultative examiner, Dr. Eriks, who concluded after examining Plaintiff that he could "lift and/or carry 100 pounds occasionally and 25 pounds frequently; stand and/or walk six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday." AR 15. In consideration of "the evidence as a whole," which included "the findings of degenerative disc disease in [Plaintiff's] back, allegations of pain," and Plaintiff's "admissions of improvement and activities of daily living, and treatment received," the ALJ found that, "on balance," a medium work determination for Plaintiff was appropriate, notwithstanding Dr.

8

Eriks's professional opinion that Plaintiff could sustain heavy work. AR 15-16. To the extent that Plaintiff relies exclusively on his subjective symptom complaints of pain and fatigue to support his contention that the ALJ's RFC determination was incorrect, Plaintiff's arguments fail because the ALJ determined that such symptom testimony was not credible, as discussed above. See JS at 9-10.

In sum, the ALJ's RFC assessment was supported by substantial evidence. Remand is not warranted on this basis.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.

Dated: December 5, 2017

DOUGLAS F. McCORMICK
United States Magistrate Judge